IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-2130-WJM-MJW

JANUS DISTRIBUTORS LLC,

    Petitioner,

v.

DANIEL LAWRENCE ROBERTS,

    Respondent.

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

This matter comes before the Court on Daniel Lawrence Roberts's ("Roberts") Motion to Dismiss for Lack of Jurisdiction under Federal Rule of Civil Procedure 12(b)(1) ("Motion"). (ECF No. 11.) For the reasons set forth below, the Motion is granted.

### I. BACKGROUND

Roberts was employed as an internal sales consultant with Janus Distributors LLC ("Janus"), from November 12, 2012 through November 14, 2014. (ECF No. 1 at 9.) Roberts is a resident of Colorado and Janus "is organized under the laws of Delaware [with] its principal place of business in Denver, Colorado." (*Id.* at 7–8.)

In November 2014, Janus permitted Roberts to resign following an investigation into his charging what he represented to be business expenses on a Janus credit card, when, Roberts concedes, those expenses were personal in nature. (*Id.* at 2.) Janus is a member of the Financial Industry Regulatory Authority ("FINRA"), and, per FINRA

rules, when a "registered representative [such as Roberts] leaves a FINRA member firm for any reason, the firm must file a Form U5 identifying the circumstances of the separation of employment." (*Id.* at 2.) The Form U5 is then maintained in the representative's individual Central Registration Depository ("CRD")[1] record, which is "available to prospective employers and members of the public." (*Id.* at 2.) In the subject Form U5, Janus reported that Roberts was "under investigation at the time of termination for fraud or wrongful taking of property." (ECF No. 16-1 at 5.) Unsurprisingly, Roberts has since had difficulty finding work, running "into rejection after rejection as a result of what amounts to a scarlet letter on his forehead." (*Id.* at 6.)

Based on this course of events, Roberts "brought claims in arbitration against Janus under FINRA's Code of Arbitration Procedure for Industry Disputes." (ECF No. 1 at 3.) Roberts asserted the following causes of action: (1) expungement of statements defamatory in nature in his Form U5 and CRD record, and (2) damages for defamation. (*See* ECF Nos. 1-2, 16-1.)

On August 5, 2016, after a five-day arbitration hearing in front of a FINRA arbitration panel, the panel issued a decision (the "Award") in Roberts's favor, recommending expungement of the information stated in the Form U5 that was "defamatory in nature," and awarding monetary damages in excess of $500,000. (ECF

---

[1] "The CRD serves as an electronic filing system for the securities industry and as a means of gathering, organizing, and retrieving information used by the state (including [Colorado]) and federal securities regulators." *Karsner v. Lothian*, 532 F.3d 876, 888 (D.C. Cir. 2008).

No. 1-2 at 4–5.)² The parties dispute, and the Award itself is unclear,³ whether the monetary damages were awarded as part of the expungement recommendation or were based on a finding of tort liability. (*Id.* at 4–5.)⁴

On August 23, 2016, Janus petitioned this Court to vacate the Award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10 ("Petition"). (ECF No. 1.) Janus asserts that vacatur is proper because "the panel exceeded its power, engaged in misbehavior, and acted in manifest disregard of the law." (*Id.* at 17.) On October 4, 2016, Roberts filed the subject Motion. (ECF No. 11.) Janus filed its response on October 28, 2016. (ECF No. 12.) Roberts filed a reply on November 14, 2016. (ECF No. 16.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a case by asserting that the Court lacks subject-matter jurisdiction over the claims in the operative complaint. *See* Fed. R. Civ. P. 12(b)(1). "District courts have

---

² The Award states that Janus is liable for: net loss of income ($123,770), reputation damages ($100,000), emotional damages ($125,000), punitive damages ($150,000), and attorneys' fees ($61, 241). (ECF No. 1-2 at 4.)

³ Per FINRA Rule 13514, "an explained decision must be jointly requested and must be made no later than the time for the pre-hearing exchange of documents." (ECF No. 1-2 at 3.) In the instant case, Janus alone moved for an explained decision, thus the panel declined to issue an explained decision citing FINRA Rule 13514. (*Id.* at 1–6.)

⁴ Roberts maintains that "Janus has no factual basis to claim that the arbitration panel issued monetary and punitive damages based on anything other than Roberts's state law claim of defamation." (ECF No. 16 at 5.) Janus asserts that "[o]n the face of the award, the only explanation for any remedy, whether concerning the modification of the Form U5 or for damages, is the claim for expungement. Coupled with the fact that the original Form U5 information is undisputedly true, and, therefore a state law defamation claim could not possibly stand, the panel's remedies can only have been derived from the FINRA expungement claim." (ECF No. 12 at 5.)

3

limited subject matter jurisdiction and may hear cases when empowered to do so by the Constitution and by act of Congress." *Randil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004) (internal quotation omitted). "A court lacking jurisdiction cannot render judgment but must dismiss the case at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Rule 12(b)(1) motions generally take one of two forms: a facial attack or a factual attack. When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A factual attack does not permit the court to presume the complaint's factual allegations are true, although the court does have "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*. In such circumstances, the court's reference to evidence beyond the pleadings will not convert the motion to one under Rules 56 or 12(b)(6), unless the jurisdictional question is intertwined with the merits of the case. *Id*. "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id*.

### III.  ANALYSIS

The party seeking to invoke federal jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *See Lindstrom v. U.S.*, 510 F.3d 1191, 1193 (10th Cir. 2007) ("The litigant asserting jurisdiction must carry the burden of proving it by a

preponderance of the evidence."). In addressing this burden, Janus asserts that this action is properly before the Court under federal question jurisdiction, 28 U.S.C. § 1331, arising from either the FAA, 9 U.S.C. § 10, or the Securities Exchange Act of 1934 ("SEA"), 15 U.S.C. § 78a *et seq*. (*See* ECF No. 1 ¶¶ 1, 87.)

**A.   Federal Arbitration Act**

Section 10 of the FAA provides that in any of the cases described in that section, "the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration." 9 U.S.C. § 10(a).[5] However, it is well established that § 10 of the FAA does not itself provide a federal cause of action for vacatur of an arbitration award. *See Southland Corp. v. Keating*, 465 U.S. 1, 16 n.9 (1984) (describing the FAA as "creat[ing] federal substantive law requiring the parties to honor arbitration agreements, [but] . . . not creat[ing] any independent federal question jurisdiction under 28 U.S.C. § 1331 or otherwise"); *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983) (holding that, to assert a cause of action under the FAA, "[t]here must be diversity of citizenship or some other independent basis for federal jurisdiction").

This consistent line of cases admits of but one conclusion: the FAA does not provide a federal cause of action to ground subject-matter jurisdiction for Janus's

---

[5] Pursuant to § 10 of the FAA and in order to "give full effect to the parties' contractual agreement, arbitration awards may be vacated by a court only on extremely limited grounds." *Hosier v. Citigroup Global Markets, Inc.*, 835 F. Supp. 2d 1098 (D. Colo. 2011). In fact, the Tenth Circuit has characterized the standard of review as "among the narrowest known to the law." *U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 830 (10th Cir. 2005); *see also Hollern v. Wachovia Sec., Inc.*, 458 F.3d 1169, 1172 (10th Cir. 2006) ("Once an arbitration award is entered, the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances.").

Petition to vacate. Accordingly, the Court must determine whether there is some other independent basis for federal jurisdiction.[6]

**B.     Securities and Exchange Act**

In addition to carrying its burden as the party asserting jurisdiction, Janus must also satisfy the "well-pleaded complaint rule," which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.,* 463 U.S. 1, 9–11 (1983). In short, "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Id*. at 27–28.

In its Petition, Janus asserts that "this Court has jurisdiction pursuant to the Securities and Exchange Act of 1934" because "[t]his case arises from an arbitration in which Roberts challenges Janus's compliance with FINRA's disclosure requirements contained in the Form U5." (ECF No. 1 ¶ 87.) Further, Janus contends that "the underlying arbitration award purports to preempt and frustrate the rules and regulations of FINRA, an organization that originates from the Securities Exchange Act and that is overseen and controlled by the Securities and Exchange Commission ("SEC")." (ECF No. 12 at 1.) Lastly, Janus points out that "[t]he Petition, on its face, alleges that the Award was issued in contravention of federal law because an expungement claim that is granted based upon a 'defamatory in nature' finding is not a claim giving rise to potential monetary or punitive damages" thereby implicating "SEA, 15 U.S.C. § 78a."

---

[6] The parties agree that they are not diverse for purposes of establishing jurisdiction. (*See* ECF No. 16 at 1 n.1; *see also* 28 U.S.C. § 1332.)

(*Id.* at 7.)

Roberts responds that Janus has failed to "explain how the Securities and Exchange Act is at issue" and contends that "mere reference to a federal statute is insufficient." (ECF No. 16 at 1, 3.)

The Court agrees with Roberts and finds that Janus's Petition does not require the resolution of any federal issue, let alone a "substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 28. The Court would arrive at this conclusion even if it were to consider both of Janus's arguments – first, that the arbitration panel "exceeded its powers" by awarding damages contrary to FINRA's expungement remedial scheme and, second, that the Court should "look through" the Award to the underlying dispute in arbitration challenging "Janus's compliance with FINRA's disclosure requirements." (ECF No. 1 ¶¶ 20, 87.)[7]

The Tenth Circuit has characterized FINRA as a "quasi-governmental agency responsible for overseeing the securities brokerage industry[.]" *ACAP Fin., Inc., v. U.S. Sec. & Exch. Comm'n*, 783 F.3d 763, 765 (10th Cir. 2015). However, the SEC's

---

[7] The Supreme Court has determined that the FAA adopted the "look-through" approach with respect to petitions to compel arbitration under 9 U.S.C. § 4. *See Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009). However, the Supreme Court has not decided whether the same jurisdictional "look-through" approach applies to petitions to confirm or vacate. *See* 9 U.S.C. §§ 9–10. Subsequent to *Vaden*, a split has emerged among the circuits on this question, although the Tenth Circuit has remained silent on the issue. The First and Second Circuits have held that the "look-through" approach applies to § 10 petitions. *See Ortiz-Espinosa v. BBVA Sec. of Puerto Rico, Inc.*, 852 F.3d 36, 40 (1st Cir. 2017); *Doscher v. Sea Port Group Sec., LLC*, 832 F.3d 372, 388 (2d Cir. 2016). By contrast, the Third and Seventh Circuits have held otherwise. *See Goldman v. Citigroup Global Markets, Inc.*, 834 F.3d 242, 254–55 (3d Cir. 2016); *Magruder v. Fidelity Brokerage Servs., LLC*, 818 F.3d 285, 288 (7th Cir. 2016). In the absence of guidance from the Supreme Court or the Tenth Circuit, and because it is ultimately non-consequential to the disposition of this case, this Court also does not to decide whether the "look-through" approach applies to petitions to vacate.

oversight and approval of FINRA rules does not constitute state action.  *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (a government agency's "[m]ere approval" of private action is "not sufficient" to convert it into state action); *see also Desiderio v. NASD*, 191 F.3d 198, 207 (2d Cir. 1999) (SEC approval of FINRA's Form U4 does not make the form subject to constitutional requirements).

A breach of FINRA rules "is simply a breach of a private association's rules, although that association is one which is closely related to the SEC . . . and therefore does not present a question which arises under the laws of the United States." *Apollo Prop. Partners, LLC v. Newedge Fin., Inc.*, 2009 WL 778108, at *2 (S.D. Texas Mar. 20, 2009) (internal citation omitted); *accord Ford v. Hamilton Invs.*, 29 F.3d 255, 259 (6th Cir. 1994) ("A breach of [FINRA] rules does not present a question that arises under the laws of the United States within the meaning of 28 U.S.C. § 1331.").  Further, "Congress intended that there be conferred on the federal courts exclusive jurisdiction only for violation of rules developed under SEC authority and not the rules created under dealer association authority." *Id*. at *2.  Moreover, "the mere fact that the arbitration was conducted before [FINRA] as required by the association's rules does not make the case one that arises out of the federal securities laws." *Ford*, 29 F.3d at 259; see also *Karsner*, 532 F.3d at 286–87.

Accordingly, the Court finds that although FINRA rules require SEC approval, the rules do not come within the meaning of 15 U.S.C. § 78a *et seq*., which gives a federal court "exclusive jurisdiction over violations" of rules and regulations promulgated under the SEA.

8

## IV.  CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Roberts's Motion to Dismiss (ECF No. 11) is GRANTED, and the petition brought by Janus pursuant to the Federal Arbitration Act is hereby DISMISSED *without prejudice* pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Dated this 5th of May, 2017.

BY THE COURT:

William J. Martínez
United States District Judge